UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HAROLD JAMES MITCHELL, JR.**            **CIVIL ACTION**

**VERSUS**            **NO. 07-5470**

**SHERIFF MARLIN GUSMAN**            **SECTION: "F"(1)**

**REPORT AND RECOMMENDATION**

Plaintiff, Harold James Mitchell, Jr., a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint, pursuant to 42 U.S.C. § 1983, against Orleans Parish Criminal Sheriff Marlin Gusman. In this lawsuit, plaintiff asserts an access to courts claim based on the allegedly inadequate law library and legal assistance program within the Orleans Parish Prison system.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[1]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Although broadly construing plaintiff's claims,[2] the Court nevertheless finds that, for the following reasons, this civil action should be dismissed as frivolous.

A <u>Spears</u> hearing was held in this case on October 25, 2007, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claim. See <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).[3] At that hearing, plaintiff was sworn and his testimony was recorded. Based on his complaint and the <u>Spears</u> hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claim.

Plaintiff was arrested for possession of heroin in December of 2006 and detained within the Orleans Parish Prison system. Although he was released on February 7, 2007, pursuant to La.C.Cr.P. 701, he was rearrested on that same charge on February 20, 2007. He was then arraigned in March, pleaded not guilty, and remains detained pending trial.

Plaintiff's criminal case has been allotted to Orleans Parish Criminal District Court Judge Arthur Hunter, who has been involved in a protracted and well-publicized dispute regarding the persistent problems of providing counsel for indigent defendants in his court.[4] As a result, a number

---

[2] The court must liberally construe a *pro se* civil rights complaint. See <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

[3] "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a <u>Spears</u> hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996). <u>Spears</u> hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

[4] See <u>State v. Edwards</u>, Case No. 463-200 (Orleans Parish Crim. Dist. Ct. May 7, 2007) (Hunter J.) (available online at http://www.criminalcourt.org/rulings.html).

3

of criminal defendants in cases allotted to his section were without counsel for a considerable period of time, with plaintiff being among that number.

Because plaintiff had no counsel, he requested access to legal materials and legal advisors within the Orleans Parish Prison system in an effort to prepare his own defense. Plaintiff began making such requests in January of 2007, but received no response to his requests until August. Since August, he has been visited by a legal advisor from the jail and been given limited access to allegedly outdated legal materials.

After the Spears hearing in this case, the undersigned contacted Judge Hunter and requested that counsel be appointed for plaintiff in the state criminal proceedings.[5] In response, Judge Hunter appointed counsel for plaintiff, a fact which plaintiff acknowledged in a status conference held in this case on December 5, 2007.

It is clear that inmates have a constitutional right of meaningful access to the courts, which includes a right of access to law libraries or assistance from legally trained personnel necessary to file *nonfrivolous* legal claims challenging their convictions or conditions of confinement. Bounds v. Smith, 430 U.S. 817, 828 (1977); Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). However, claims alleging violations of that right are not cognizable unless the prisoner's position as a litigant was prejudiced by the denial of access. See, e.g., Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998); Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law

---

[5] Rec. Doc. 6.

library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 351 (1996).

The right of access to courts extends to pretrial detainees, such as plaintiff, as well as to convicted prisoners. See United States v. Moya-Gomez, 860 F.2d 706, 743 (7th Cir. 1988); Sosa v. Strain, Civil Action No. 06-9040, 2007 WL 1521441, at *6 n.8 (E.D. La. May 22, 2007); Buckenburger v. Strain, Civil Action No. 06-5670, 2006 WL 4503353, at *3 (E.D. La. Oct. 20, 2006); Kirkpatrick v. Daugherty, Civil Action No. 6:05cv461, 2006 WL 2401108, at *4 (E.D. Tex. Aug. 17, 2006). However, pretrial detainees are often in a different situation, in that they normally have appointed counsel representing them with respect to their pending criminal charges. The appointment of such counsel satisfies the detainee's right of access to courts for his criminal proceedings; in those circumstances, he is not additionally entitled to independent access to a law library and legal materials. Sosa, 2007 WL 1521441, at *6 n.8; Buckenburger, 2006 WL 4503353, at *3; Kirkpatrick, 2006 WL 2401108, at *4.

In light of the foregoing, it is clear that, as of November 2007, there was no *ongoing* violation of plaintiff's right of access to courts. Through this Court's intervention, counsel was appointed in November to represent plaintiff in his state criminal proceedings. That appointment resolved any access to courts violation which may have otherwise existed. The only remaining issue, therefore, is whether plaintiff is entitled to recover damages for the period of time during which he was allegedly denied access to legal materials and a legal advisor from January through November of 2007. The Court finds that he is not because he suffered no cognizable injury.

When an indictment or bill of information was not filed within the allotted time after his initial arrest, plaintiff was released from detention in February of 2007 as required by La.C.Crim.P. art. 701(B). When he was subsequently reincarcerated, he was charged and arraigned within time frame specified by Louisiana law. He has continued to appear in court on that charge, and there is no evidence whatsoever that his continued detention pending trial is illegal. Plaintiff has identified no nonfrivolous claim regarding his detention that he was unable to assert due to the allegedly inadequate legal resources from January through November of 2007. Therefore, he cannot show that he was prejudiced as a result of that alleged inadequacy, and his access to courts claim necessarily fails.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventh day of December, 2007.

						_____
						SALLY SHUSHAN
						UNITED STATES MAGISTRATE JUDGE